Petition for Writ of Mandamus Denied and
Memorandum Opinion filed January 12, 2010

 

In
The

Fourteenth
Court of Appeals



NO. 14-10-00024-CV



In Re Steven Dorman,
Relator



 



ORIGINAL
PROCEEDING



WRIT OF MANDAMUS



MEMORANDUM
 OPINION

On January 11, 2010, relator, Steven Dorman, filed a
petition for writ of mandamus in this Court.  See Tex. Gov’t Code Ann.
§22.221 (Vernon 2004); Tex. Elec. Code Ann. § 273.061 (Vernon 2003); see
also Tex. R. App. P. 52.  In the petition, relator asks this Court to
compel the Honorable Al Bennett, presiding judge of the 164th District Court of
Harris County, to set aside his January 8, 2010 injunction order directing
Jared Woodfill, in his capacity as Chairman of the Harris County Republican
Party, to remove relator from the list of candidates for Harris County District
Clerk in the March 2, 2010 Republican Party primary.  

            On
October 20, 2009, relator filed for re-election as a candidate for precinct chair. 
On January 4, 2010, relator submitted a form to withdraw from the ballot as a
candidate for precinct chair.  Relator then filed as a candidate for Harris
County District Clerk before the filing deadline expired on January 4, 2010.  

Section 172.052 of the Texas Election Code sets the
deadline for the withdrawal of a candidate for nomination from the general
primary ballot not later than the 62nd day before the general primary election
day.  Tex. Elec. Code Ann. § 172.052(a) (Vernon 2003).  Section 172.061(a) expressly
makes section 172.052(a) applicable to a candidate for precinct chair.  Id.
§ 172.061(a) (Vernon 2003).  Based on the March 2, 2010 primary date, section
172.052(a) established a deadline of December 30, 2009 for relator to withdraw
as a candidate for precinct chair.  Relator’s attempt to withdraw as a
candidate for precinct chair on January 4, 2010 was untimely.

Section 141.033(a) prohibits a candidate from running
for two offices at the same time.  Id. § 141.033(a) (Vernon 2003).  If a
person files more than one application for a place on the ballot in violation
of section 141.033, then the first-filed application controls and any
subsequently filed applications are invalid.  Id. § 141.033(b). 
Therefore, relator’s application for a place on the ballot for Harris County
District Clerk for the March 2, 2010 Republican Primary is invalid.  

Relator argues that section 172.052’s deadline could
lead to absurd results.  However, the role of the courts is to construe statutes
as they are written.  See Entergy Gulf States, Inc. v. Summers, 282
S.W.3d 433, 437 (Tex. 2009).  Therefore, we cannot rewrite the Election Code.  See
Brown v. De La Cruz, 156 S.W.3d 560, 566 (Tex. 2004).  

Relator has not established his entitlement to the
extraordinary relief of a writ of mandamus.  Accordingly, we deny relator’s
petition for writ of mandamus.

                                                                                    PER
CURIAM

 

Panel consists of Justices Frost, Boyce, and Sullivan.